# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>TIMOTHY LEE WILSON and<br>KEVIN J. McMULLIN,<br><br>　　　　Defendants. | No. CR07-4011-MWB<br><br>**ORDER ON MOTION FOR<br>SEVERANCE OF TRIALS** |

　　　　On February 23, 2007, the defendants Timothy Lee Wilson and Kevin J. McMullin were charged in a four-count Indictment with conspiracy to manufacture and distribute methamphetamine, conspiracy to possess pseudoephedrine for the purpose of manu-facturing methamphetamine, and possession of pseudoephedrine. (*See* Doc. No. 3) On August 1, 2007, McMullin filed a motion to sever his trial from that of his codefendant. (Doc. No. 34) On August 22, 2007, the plaintiff (the "Government") filed a resistance to the motion. (Doc. No. 40)

　　　　McMullin argues codefendant Wilson made a statement to the Government incriminating McMullin, and admission of Wilson's statement at trial will prejudice McMullin because he will not have the opportunity to cross-examine Wilson regarding the statement. McMullin is protected from this type of prejudice by applicable law. The United States Supreme Court has held that "where two defendants are tried jointly, the pre-trial confession of one cannot be admitted against the other unless the confessing defendant takes the stand." *Richardson v. Marsh*, 481 U.S. 200, 206-07, 107 S. Ct. 1702, 1707, 95 L. Ed. 2d 176 (1987); *accord United States v. Edwards*, 159 F.3d 1117, 1124 (8th Cir. 1998) (quoting *Richardson*). This principle, originally recognized by the Court in *Bruton*

*v. United States*, 391 U.S. 123, 88 S. Ct. 1620, 20 L. Ed. 2d 476 (1968), constitutes an exception to the ordinary rule that "a witness whose testimony is introduced at a joint trial is not considered to be a witness 'against' a defendant if the jury is instructed to consider that testimony only against a codefendant." *Id*.

However, a codefendant's confession or admission may be redacted in such a way that it "does not facially incriminate or lead the jury directly to a nontestifying declarant's codefendant." *Edwards*, 159 F.3d 1117, 1125 (citing *United States v. Jones*, 101 F.3d 1263, 1270 & n.5 (8th Cir. 1996); *United States v. Williams*, 936 F.2d 698, 700-01 (2d Cir. 1991); *United States v. Briscoe*, 896 F.2d 1476, 1502 (7th Cir. 1990); *United States v. Garcia*, 836 F.2d 385, 390-91 (8th Cir. 1987)). Furthermore, "the *Bruton* standard is inapplicable when the confessing witness testifies and is available for cross-examination." *United States v. Karam*, 37 F.3d 1280, 1287 (8th Cir. 1994) (citing *United States v. Coco*, 926 F.2d 759, 761 (8th Cir. 1991)). Ultimately, the question of whether Wilson's statement will be admissible is an evidentiary issue to be decided by the court at the time of trial.

To warrant severance, McMullin must show he will suffer "real prejudice" from a joint trial. *United States v. Williams*, 923 F.2d 76, 78 (8th Cir. 1991). This is a heavy burden – and one that McMullin has failed to meet here. *See United States v. Marin-Cifuentes*, 866 F.2d 988, 994 (8th Cir. 1989).

McMullin's motion to sever is **denied**.

**IT IS SO ORDERED.**

**DATED** this 27th day of August, 2007.

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT