**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>KEVIN J. McMULLIN,<br><br>    Defendant. | No. CR07-4011-MWB<br><br>**ORDER REGARDING MAGISTRATE'S REPORT AND RECOMMENDATION CONCERNING DEFENDANT'S MOTIONS TO DISMISS** |

_____

## I. INTRODUCTION

### A. Procedural Background

In an indictment returned on February 23, 2007, defendant Kevin J. McMullin is charged with conspiracy to manufacture and distribute 50 grams or more of pure methamphetamine, to distribute pseudoephedrine knowing and having reasonable cause to believe that the pseudoephedrine would be used to manufacture methamphetamine, to possess pseudoephedrine with intent to manufacture methamphetamine, and to possess pseudoephedrine knowing and having reasonable cause to believe that the pseudoephedrine would be used to manufacture methamphetamine, after having previously being convicted of a felony drug offense, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(c)(1), 841(c)(2), 846, and 851, manufacturing and attempting to manufacture 50 grams or more of pure methamphetamine, after having previously been convicted of a felony drug offense, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846, and 851, possessing pseudoephedrine with intent to manufacture methamphetamine, in violation of 21 U.S.C. § 841(c)(1), and possessing pseudoephedrine knowing and having reasonable cause to

believe that the pseudoephedrine would be used to manufacture methamphetamine, in violation of 21 U.S.C. § 841(c)(2).

On August 1, 2007, defendant McMullin filed two motions to dismiss. In one of his motions, defendant McMullin contends that the indictment should be dismissed for prejudicial pre-indictment delay ("motion to dismiss for pre-indictment delay"). In his other motion, defendant McMullin seeks dismissal of Count Four of the indictment on the basis that Counts Three and Four are duplicative, thereby constituting a double jeopardy violation ("motion to dismiss Count Four"). The government filed timely resistances to each of defendant McMullin's motions.

Defendant McMullin's motions to dismiss were referred to Chief United States Magistrate Judge Paul A. Zoss, pursuant to 28 U.S.C. § 636(b). On August 28, 2007, Judge Zoss filed a Report and Recommendation in which he recommends that defendant McMullin's motions to dismiss both be denied. With respect to defendant McMullin's motion to dismiss for pre-indictment delay, Judge Zoss concluded that defendant McMullin had failed to meet his burden of proof to show that the delay resulted in actual and substantial prejudice to the presentation of his defense, and that the government intentionally delayed his indictment either to gain a tactical advantage or to harass him. With respect to defendant McMullin's motion to dismiss Count Four, Judge Zoss concluded that possession of a listed chemical under subsection 841(c)(2) is a lesser included offense of possession of a listed chemical under subsection 841(c)(1). However, Judge Zoss further noted that this conclusion did not mandate dismissal of Count Four because the government may introduce evidence at trial that the pseudoephedrine possessed by defendant McMullin was purchased at two distinct times with two distinct intents. Accordingly, because the government may introduce evidence supporting both counts at trial, Judge Zoss recommended that defendant McMullin's motion to dismiss Count Four

2

should be denied at this stage of the proceedings, without prejudice to its renewal, if appropriate, at the close of the evidence at trial.

Defendant McMullin has filed objections to Judge Zoss's Report and Recommendation with respect to his motion to dismiss the indictment. No party has filed any objections with respect to defendant McMullin's motion to dismiss Count Four of the indictment. The court, therefore, undertakes the necessary review of Judge Zoss's recommended disposition of defendant McMullin's motions to dismiss.

### *B. Factual Background*

In his Report and Recommendation, Judge Zoss made the following findings of fact:

> The drug-related conduct underlying the charges against McMullin occurred between January 19 and June 7, 2002. The Indictment was handed down by the grand jury on February 23, 2007. In the interim, counsel for the Government had several discussions with law enforcement officers concerning when, if at all, a federal prosecution would be initiated against McMullin. McMullin cites reports in the Government's discovery file indicating those types of discussions took place on April 3, July 1, and November 12, 2003; and January 23, 2004. According to McMullin, each of those reports indicates the Assistant United States Attorney told officers the matter would be prosecuted, and he was in the process of preparing a cooperation plea agreement for McMullin's codefendant, Timothy Wilson. McMullin states the January 2004 report also indicates the Assistant United States Attorney was interested in contacting McMullin's attorney to discuss the possibility of pre-indictment cooperation by McMullin. (*See* Doc. No. 33-1, ¶¶ 3-6) McMullin alleges, and the court will accept as true for purposes of his motion, that no attorney had been appointed to represent him pre-indictment, and apparently no contact occurred between

3

> the Government and McMullin, or any attorney on his behalf, prior to the date of the Indictment.

Report and Recommendation at pp. 1-2. Upon review of the record, the court adopts all of Judge Zoss's factual findings.

## II. LEGAL ANALYSIS

### A. *Standard Of Review*

Pursuant to statute, this court's standard of review for a magistrate judge's report and recommendation is as follows:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1). Similarly, Federal Rule of Civil Procedure 72(b) provides for review of a magistrate judge's report and recommendation on dispositive motions and prisoner petitions, where objections are made, as follows:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b).

The Eighth Circuit Court of Appeals has repeatedly held that it is reversible error for the district court to fail to conduct a *de novo* review of a magistrate judge's report where such review is required. *See, e.g., Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir.)

4

(citing 28 U.S.C. § 636(b)(1)), *cert. denied*, 519 U.S. 860 (1996); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (citing *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994)); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) (also citing *Belk*). As noted above, defendant McMullin has filed objections to that portion of Judge Zoss's Report and Recommendation concerning his motion to dismiss for pre-indictment delay. The court, therefore, undertakes the necessary review of Judge Zoss's recommended disposition of defendant McMullin's motions to dismiss.

### B. Motion To Dismiss Count Four

As the court noted above, no party has filed an objection to that part of Judge Zoss's Report and Recommendation concerning defendant McMullin's motion to dismiss Count Four of the indictment, and it appears to the court upon review of Judge Zoss's findings and conclusions, that there is no ground to reject or modify them. Therefore, the court **accepts** that portion of Judge Zoss's Report and Recommendation and orders that defendant McMullin's motion to dismiss Count Four of the indictment is **denied without prejudice** to its renewal at the close of the evidence at trial.

### C. Motion To Dismiss For Pre-Indictment Delay
#### 1. Evidentiary hearing

Defendant McMullin initially objects that an evidentiary hearing was not held. The court notes that while Judge Zoss did not conduct an evidentiary hearing concerning defendant McMullin's motion to dismiss the indictment, Judge Zoss noted that the facts underlying this motion were undisputed. Report and Recommendation at 1. Moreover, Judge Zoss accepted defendant McMullin's allegations concerning the lack of the appointment of counsel pre-indictment as true for the purposes of his motion. Report and

5

Recommendation at 2. Finally, the court notes that defendant McMullin has not indicated what additional putative facts he would have proven if an evidentiary hearing had been held. An evidentiary hearing on a motion need be held only when the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the court to conclude that contested issues of fact exist. *See United States v. Mims*, 812 F.2d 1068, 1073-74 (8th Cir.1987) (holding that "[w]hen a motion to suppress is filed, '[e]videntiary hearings need not be set as a matter of course, but if the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question, an evidentiary hearing is required.'") (internal citations and quotations omitted)). Here, where defendant McMullin has not demonstrated the existence of disputed issues of fact warranting an evidentiary hearing, the court concludes that Judge Zoss did not abuse his discretion in refusing to hold an evidentiary hearing. *See United States v. Harris*, 914 F.2d 927, 933 (7th Cir. 1990) ("A hearing will not be held on a defendant's pre-trial motion to suppress merely because a defendant wants one. Rather, the defendant must demonstrate that a 'significant disputed factual issue' exists such that a hearing is required.") (citation omitted). Accordingly, the court overrules this objection to Judge Zoss's Report and Recommendation.

### 2. *Merits of motion*

Defendant McMullin also objects to Judge Zoss's conclusion that defendant McMullin failed to meet his burden of proof to show that the pre-indictment delay resulted in actual and substantial prejudice to the presentation of his defense, and that the government intentionally delayed his indictment either to gain a tactical advantage or to harass him.

6

Although the Due Process Clause of the United States Constitution affords protection against prejudicial pre-indictment delay, the statute of limitations provides the "primary guarantee against bringing overly stale criminal charges." *United States v. Marion*, 404 U.S. 307, 324 (1971); *United States v. Jackson*, 446 F.3d 847, 849 (8th Cir. 2006); *United States v. Brockman*, 183 F.3d 891, 895 (8th Cir. 1999); *United States v. Bartlett*, 794 F.2d 1285, 1289 (8th Cir.), *cert. denied*, 479 U.S. 934 (1986). To establish a due process claim, a defendant bears the heavy, preliminary burden of demonstrating that: "'(1) the delay resulted in actual and substantial prejudice to the presentation of the defense; and (2) the government intentionally delayed his indictment either to gain a tactical advantage or to harass him.'" *United States v. Haskell*, 468 F.3d 1064, 1070 (8th Cir. 2006) (quoting *United States v. Sturdy*, 207 F.3d 448, 452 (8th Cir. 2000)); *accord United States v. Gladney*, 474 F.3d 1027, 1030 (8th Cir. 2007); *Jackson*, 446 F.3d at 849; *United States v. Grap*, 368 F.3d 824, 829 (8th Cir. 2004); *see also Brockman*, 183 F.3d at 895; *United States v. Edwards*, 159 F.3d 1117, 1128 (8th Cir. 1998), *cert. denied*, 120 S. Ct. 310 (1999); *United States v. Benshop*, 138 F.3d 1229, 1234 (8th Cir. 1998); *United States v. McDougal*, 133 F.3d 1110, 1113 (8th Cir. 1998); *Bennett v. Lockhart*, 39 F.3d 848, 851 (8th Cir. 1994), *cert. denied*, 514 U.S. 1018 (1995); *United States v. Johnson*, 28 F.3d 1487, 1492 (8th Cir. 1994), *cert. denied*, 513 U.S. 1098 (1995); *United States v. Miller*, 20 F.3d 926, 931 (8th Cir.), *cert. denied*, 513 U.S. 886 (1994); *Bartlett*, 794 F.2d at 1289. As the Eighth Circuit Court of Appeals has observed:

> To prove actual prejudice, [a defendant] must specifically identify witnesses or documents lost during the delay properly attributable to the government, relate the substance of the testimony which would be offered by the missing witnesses or the information contained in lost documents in sufficient detail to permit a court to assess accurately whether the information was material to his defense, and show that the missing

> testimony or other evidence is not available from alternate sources.

*United States v. Al-Muqsit*, 191 F.3d 928, 9380 (8th Cir. 1999), *cert. denied*, 528 U.S. 1029 (1999), *vacated in part on other grounds*, *United States v. Logan*, 210 F.3d 820 (8th Cir. 2000) (*en banc*); *accord Jackson*, 446 F.3d at 851; *Bennett*, 39 F.3d at 851; *Bartlett*, 794 F.2d at 1289-90. It is only after that threshold showing of actual prejudice has been made that a court must inquire into the reasons for delay. *See Gladney*, 474 F.3d at 1030-31; *United States v. Sturdy*, 207 F.3d 448, 452 (8th Cir. 2000); *Brockman*, 183 F.3d at 895; *Benshop*, 138 F.3d at 1234; *United States v. Savage*, 863 F.2d 595, 598 (8th Cir. 1988), *cert. denied*, 490 U.S. 1082 (1989).

The allegations of prejudice must be specific, concrete and supported by the evidence—vague, speculative or conclusory allegations will not suffice. *See Gladney*, 474 F.3d at 1031; *Jackson*, 446 F.3d at 851; *Brockman*, 183 F.3d at 895. Defendant McMullin's offering falls far short of that standard. Rather, defendant McMullin only speculates that if the charges had been brought at an earlier date, he could have cooperated with the government for the purposes of obtaining a reduction in sentence for substantial assistance given to the government. Defendant McMullin has provided the court with only vague and speculative assertions regarding the possibility of such a reduction in sentence. Indeed, defendant McMullin does not identify what assistance he could have provided the government with respect to any specific prosecution. Moreover, to the extent that defendant McMullin wished to be a cooperating witness, he was at all times free to contact the government and negotiate a compatible cooperation agreement with the government. Thus, the court concludes that defendant McMullin's allegations of prejudice resulting from the delay in bringing charges against him are simply too speculative to demonstrate actual prejudice. Accordingly, the court concludes that defendant McMullin has failed to

establish actual and substantial prejudice based on pre-indictment delay. Therefore, this objection is also overruled.

### III. CONCLUSION

Therefore, for the reasons set forth above, the court, upon a *de novo* review of the record, **accepts** Judge Zoss's Report and Recommendation and **denies without prejudice to its renewal at the close of the evidence** defendant McMullin's motion to dismiss Count Four of the indictment. The court also **denies** defendant McMullin's motion to dismiss for pre-indictment delay.

**IT IS SO ORDERED.**

**DATED** this 18th day of September, 2007.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA